IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>                      Plaintiff,<br>v.<br><br>LISA LEPIRE,<br><br>                      Defendant. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Case No. 2:17-cv-461-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Plaintiff Guy M. Domai ("Plaintiff") brings this action against Defendant Lisa Lepire ("Defendant"), in her capacity as Human Resources Manager at American Express Travel Services ("American Express").[1] Plaintiff, proceeding *pro se*, was allowed to proceed *in forma pauperis*.[2] On May 31, 2017, this action was referred to Magistrate Judge Brooke Wells by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[3]

## ANALYSIS

### I.    Screening Standard

Under the *in forma pauperis* Statute (the "IFP Statute"), the Court shall, at any time, *sua sponte* dismiss a case if the Court determines the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.[4] The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

---

[1] Docket no. 3.

[2] Docket no. 2.

[3] Docket no. 4.

[4] *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] Therefore, before authorizing service of process of Plaintiff's Complaint, the Court must satisfy itself that the Complaint is sufficient to proceed.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[6] When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[7]

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[8] However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[9]

## II. Plaintiff's Allegations

From the Courts review of Plaintiff's Complaint, it appears that Plaintiff is asserting an interference claim under 29 U.S.C. § 2615 of the Family Medical Leave Act ("FMLA"). Plaintiff states that he was an American Express employee from September 2008 through May 20, 2011, as part of its Global Automation Deployment team. Plaintiff alleges that he was in the process of filing for a leave of absence under the FMLA for a health condition when he was

---

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[8] *Id.*

[9] *Id.*

terminated. Plaintiff alleges that he had advised Jeff Shane[10] that he would need FMLA leave, and Mr. Shane directed Plaintiff to contact a third-party, "Sedgwick",[11] who handles the FMLA leave requests. Before Plaintiff had an opportunity to contact Sedgwick, he was terminated by Jeff Shane within two days. Plaintiff has brought this action against Defendant Lisa Lepire, who he claims is the Human Resources Manager at the Utah location for American Express, based on the theory of *respondeat superior*. Plaintiff seeks lost wages and benefits totaling $1 million, attorney's fees totaling $350,000, and liquidated damages totaling $100,000.

### III. Sufficiency of Plaintiff's Complaint

Under 29 U.S.C. § 2617(c), "an action may be brought under this section no later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." In the case of a "willful violation" of § 2615, the statute of limitations is 3 years. Here, construing all facts in a light most favorable to Plaintiff, it appears based on the allegations that Plaintiff was terminated on May 20, 2011. More than six years have passed since Plaintiff's termination. Based on this fact alone, Plaintiff is well past the statute of limitations for an interference claim under FMLA, thus Plaintiff has failed to state a claim upon which relief can be granted.[12] Given that the date of termination is the operative date for the statute of limitations in this case, it appears an opportunity to amend Plaintiff's Complaint in this case would be futile.

---

[10] It is unclear from the Complaint who Jeff Shane is and what position he held at American Express.

[11] The Complaint does not provide a first name, company affiliation, or position for "Sedgwick".

[12] "A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (*quoting* F*ratus v. DeLand,* 49 F.3d 673, 674–75 (10th Cir.1995)).

## RECOMMENDATION

Based on the foregoing, the Court hereby RECOMMENDS that Plaintiff's Complaint be DISMISSED and that this action be closed upon dismissal.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[13] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[14] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 28 June 2017.

Brooke C. Wells
United States Magistrate Judge

---

[13] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[14] *Id.*